ANTONIA M. APPS
**REGIONAL DIRECTOR**
**Sheldon L. Pollock**
**Gerald A. Gross**
**Travis Hill**
**Sheldon Mui**
**Attorneys for Plaintiff**
**SECURITIES AND EXCHANGE COMMISSION**
**New York Regional Office**
**100 Pearl Street, Suite 20-100**
**New York, New York 10004**
**212-336-9135 (Hill)**
**Email: hilltr@sec.gov**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | **COMPLAINT** |
| Plaintiff, | **24 Civ. 8741** |
| -against- | |
| **IAN MITCHELL,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against Defendant Ian Mitchell ("Mitchell" or "Defendant"), alleges as follows:

## SUMMARY

1.     Mitchell made material misstatements to two investors by repeatedly lying to them when soliciting funds for purported stock purchases, defrauding the investors out of approximately $325,000.

2.     From July 2021 through February 2022 (the "Relevant Period"), Mitchell solicited funds from two investors by knowingly or recklessly misrepresenting who he was, his family background and wealth, his education, his ability to have access to valuable private

placement stocks, and what he intended to do with the investors' funds. For example, Mitchell identified himself to the two investors using the fictitious name "David Dangote" and falsely told them that he planned to use their money to purchase stock in private placements from two companies.

3.     In total, the two investors gave Mitchell approximately $325,000 to purchase stock based on these representations.

4.     Mitchell did not in fact use any of the investors' funds to purchase the stock. Instead, Mitchell used the funds to pay his personal expenses, such as rent, retail purchases, and income tax payments.

## VIOLATIONS

5.     By virtue of the foregoing conduct and as alleged further herein, Defendant Mitchell has violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

6.     Unless Defendant is restrained and enjoined, he will engage in the acts, practices, transactions, and courses of business set forth in this Complaint or in acts, practices, transactions, and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

7.     The Commission brings this action pursuant to the authority conferred upon it by Securities Act Sections 20(b) and 20(d) [15 U.S.C. §§ 77t(b) and 77t(d)] and Exchange Act Section 21(d) [15 U.S.C. § 78u(d)].

8.     The Commission seeks a final judgment: (a) permanently enjoining Defendant from violating the federal securities laws this Complaint alleges he has violated; (b) ordering

Defendant to disgorge all ill-gotten gains and/or unjust enrichment received as a result of the

violations alleged here and to pay prejudgment interest thereon, pursuant to Exchange Act

Sections 21(d)(5) and 21(d)(7) [15 U.S.C. §§ 78u(d)(5) and 78u(d)(7)]; (c) ordering Defendant to

pay civil money penalties pursuant to Securities Act Section 20(d) [15 U.S.C. § 77t(d)] and

Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)]; (d) prohibiting Defendant from acting as

an officer or director of any company that has a class of securities registered pursuant to Section

12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section

15(d) of the Exchange Act [15 U.S.C. § 78o(d)], pursuant to Securities Act Section 20(e)

[15 U.S.C. § 77t(e)] and Exchange Act Section 21(d)(2) [15 U.S.C. § 78u(d)(2)]; and (e)

ordering any other and further relief the Court may deem just and proper.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this action pursuant to Securities Act Section

22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa].

10.    Defendant, directly and indirectly, has made use of the means or instrumentalities

of interstate commerce or of the mails in connection with the transactions, acts, practices, and

courses of business alleged herein.

11.    Venue lies in this District under Securities Act Section 22(a) [15 U.S.C. § 77v(a)]

and Exchange Act Section 27 [15 U.S.C. § 78aa]. Defendant may be found in, is an inhabitant of,

or transacts business in the Southern District of New York, and certain of the acts, practices,

transactions, and courses of business alleged in this Complaint occurred within this District.

During the Relevant Period, Mitchell resided in Manhattan, New York, which is within the

Southern District of New York.

**DEFENDANT**

12.     **Mitchell**, age 36, is a resident of Queens, New York.

**FACTS**

13.     During the Relevant Period, Mitchell assumed the alias David Dangote and claimed to be the nephew of Aliko Dangote, one of Africa's richest persons.

14.     In addition to lying to investors about his name and familial relationship, Mitchell also falsely claimed that he was raised in London, graduated from Harvard Business School, worked in the financial field, and had a net worth of $1 billion.

15.     While claiming to be Aliko Dangote's nephew, to have a net worth of $1 billion, and to be a graduate of Harvard Business School, Mitchell solicited investments from two individuals.

16.     At the time he solicited these two investors, Mitchell knew, or recklessly disregarded that, he was not Aliko Dangote's nephew, he did not have a net worth anywhere close to $1 billion, and did not graduate from (or even attend) Harvard Business School.

17.      Mitchell knowingly, or with reckless disregard, told the prospective investors — who knew Mitchell only as David Dangote — that he had agreements to purchase millions of dollars' worth of pre-IPO stock of two privately owned companies (the "Subject Companies").

18.     For example, according to one investor, Mitchell said that he had an agreement with one of the Subject Companies to purchase 125,000 shares of its stock at $32 per share, for a total value of $4 million.

19.     Mitchell knowingly, or with reckless disregard, told both investors that after the Subject Companies had their IPOs, he would sell their stock in the open market at a profit.

20.     Mitchell knowingly, or with reckless disregard, provided one investor with a Stock Purchase and Investment Agreement ("SPIA") to purchase $100,000 worth of one of the Subject Companies' stocks.

21.     The SPIA stated: "On the IPO Date, Purchaser [Mitchell] shall fully convey the Shares to Investor, at which point the Investor shall be free to hold, sell, or otherwise dispose of the Shares."

22.     Collectively, the two investors gave Mitchell a total of approximately $325,000 to invest in the Subject Companies' stocks on their behalf.

23.     In reality, Mitchell never had any agreements to purchase any of the Subject Companies' stocks.

24.     At the time he solicited these investors concerning investments related to the Subject Companies, Mitchel knew, or recklessly disregarded, that he had no agreements to purchase any of the Subject Companies' stock.

25.     Mitchell never actually purchased any of the Subject Companies' stocks.

26.     Instead, Mitchell spent investor funds on his personal expenses, taking approximately $221,000 in cash withdrawals and paying his personal living expenses, such as rent, gasoline, and phone expenses.

### FIRST CLAIM FOR RELIEF
### Violations of Securities Act Section 17(a)

27.     The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 26.

28.     Defendant, directly or indirectly, in the offer or sale of securities and by the use of the means or instruments of transportation or communication in interstate commerce or the mails, (i) knowingly or recklessly has employed one or more devices, schemes or artifices to

defraud, (ii) knowingly, recklessly, or negligently has obtained money or property by means of one or more untrue statements of a material fact or omissions of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

29.    By reason of the foregoing, Defendant, directly or indirectly, has violated and, unless enjoined, will again violate Securities Act Section 17(a) [15 U.S.C. § 77q(a)].

### SECOND CLAIM FOR RELIEF
### Violations of Exchange Act Section 10(b) and Rule 10b-5 Thereunder

30.    The Commission re-alleges and incorporates by reference here the allegations in paragraphs 1 through 26.

31.    Defendant, directly or indirectly, in connection with the purchase or sale of securities and by the use of means or instrumentalities of interstate commerce, or the mails, or the facilities of a national securities exchange, knowingly or recklessly has (i) employed one or more devices, schemes, or artifices to defraud, (ii) made one or more untrue statements of a material fact or omitted to state one or more material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, and/or (iii) engaged in one or more acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

32.    By reason of the foregoing, Defendant, directly or indirectly, has violated and, unless enjoined, will again violate Exchange Act Section 10(b) [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court enter a Final

Judgment:

### I.

Permanently enjoining Mitchell and his agents, servants, employees and attorneys and all

persons in active concert or participation with any of them from violating, directly or indirectly,

Securities Act Section 17(a) [15 U.S.C. §77q(a)], and Exchange Act Section 10(b) [15 U.S.C.

§ 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5];

### II.

Ordering Mitchell to disgorge all ill-gotten gains and/or unjust enrichment received

directly or indirectly, with pre-judgment interest thereon, as a result of the alleged violations,

pursuant to Exchange Act Sections 21(d)(5) and 21(d)(7) [15 U.S.C. §§ 78u(d)(5) and

78u(d)(7)];

### III.

Ordering Mitchell to pay civil monetary penalties under Securities Act Section 20(d)

[15 U.S.C. § 77t(d)] and Exchange Act Section 21(d)(3) [15 U.S.C. § 78u(d)(3)];

### IV.

Permanently prohibiting Mitchell from serving as an officer or director of any company

that has a class of securities registered under Section 12 of the Exchange Act [15 U.S.C. § 78l]

or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C.

§ 78o(d)], pursuant to Securities Act Section 20(e) [15 U.S.C. § 77t(e)] and Exchange Act

Section 21(d)(2) [15 U.S.C. § 78u(d)(2)]; and

**V.**

Granting any other and further relief this Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands that this

case be tried to a jury.


Dated: New York, New York
        November 18, 2024

　　　　　　　　　　　　　　　*/s/ Antonia Apps*
　　　　　　　　　　　　　　　ANTONIA M. APPS
　　　　　　　　　　　　　　　REGIONAL DIRECTOR
　　　　　　　　　　　　　　　Sheldon Pollock
　　　　　　　　　　　　　　　Gerald A. Gross
　　　　　　　　　　　　　　　Travis Hill
　　　　　　　　　　　　　　　Sheldon Mui
　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　SECURITIES AND EXCHANGE COMMISSION
　　　　　　　　　　　　　　　New York Regional Office
　　　　　　　　　　　　　　　100 Pearl Street, Suite 20-100
　　　　　　　　　　　　　　　New York, New York 10004
　　　　　　　　　　　　　　　212-336-9135 (Hill)
　　　　　　　　　　　　　　　Email: hilltr@sec.gov